UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM PETAWAY,<br>    Plaintiff,<br><br>v.<br><br>COUNSELOR SUPERVISOR OSDEN, ET AL<br>    Defendants. | :<br>:<br>:<br>:   Case No. 3:17-cv-00004 (VAB)<br>:<br>:<br>: |

**Ruling on Plaintiff's Motion for Reconsideration**

Plaintiff William Petaway filed this *pro se* complaint on January 3, 2017, alleging violations of his civil rights by defendants acting in their individual and official capacities. Compl., ECF No. 1. Mr. Petaway moves for reconsideration of the denial of his motion for default entry, arguing that the Clerk should have considered a "partial default." Mot. To Reconsider, ECF No. 30. The motion will be **DENIED**.

Motions for reconsideration are only granted if a party can "point to controlling decisions or data that the Court overlooked." *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Under Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . , the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Even assuming a "partial default" was an appropriate option for the Clerk of Court, the default was cured once Defendants appeared in their official capacity. The Court has a "strong preference for resolving disputes on the merits," *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005) (internal quotation marks omitted), and must therefore deny Mr. Petaway's motion.

1

SO ORDERED at Bridgeport, Connecticut, this 7th day of September, 2017.

    /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge