# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM PETAWAY,<br>    Plaintiff,<br><br>    v.<br><br>COUNSELOR SUPERVISOR OSDEN,<br>ET AL,<br>    Defendants. | No. 3:17-cv-00004 (VAB) |

**RULING DENYING PLAINTIFF'S MOTIONS FOR SANCTIONS**

William Petaway ("Plaintiff") filed this Complaint *pro se* on January 3, 2017, alleging that defendants violated his rights by failing to provide him with written notice of disciplinary action, failing to provide reasons or a written statement of evidence for those actions, and ultimately taking away good time credit as a result. Compl., ECF No. 1 at 3-4. Currently before the Court is Mr. Petaway's motion for leave to file a dispositive motion, ECF No. 46 and motion for summary judgment. ECF No. 48.

Mr. Petaway has also filed two motions for sanctions. First, Mr. Petaway seeks sanctions for what he argues is a "failure to admit" information in response to the two paragraphs of the Complaint. Pl. Mot. for Sanctions, ECF No. 51 at 1 ("Rule 37 Mot."). Second, Mr. Petaway seeks to sanction opposing counsel "for delay" because he argues that Defendants' asserted defenses are "not warranted in 'law'" and "frivolous." Pl. Mot. for Sanctions, ECF No. 62 at 1 ("Rule 11 Mot."). Finally, Defendants move to Amend their answer to the Complaint, Def. Mot. to Amend, ECF No. 57, and for an extension of time to respond to Mr. Petaway's Summary Judgment motion. ECF No. 58.

1

For the reasons described below, Plaintiff's motion for leave to file and motion for summary judgment will be **DENIED** as premature. Additionally, both motions for sanctions will be **DENIED**. Defendants' motion to amend is **GRANTED**. Defendants' motion for an extension of time is **DISMISSED** as moot.

I.   **Plaintiff's Motion for Summary Judgment**

Mr. Petaway filed a notice before this Court arguing that discovery was complete. Pl. Notice, ECF No. 47.[1] He also moved for leave to file a dispositive motion, ECF No. 46, and, before the Court addressed that motion, moved for summary judgment. ECF No. 48. Mr. Petaway argues that he is entitled to summary judgment because it is "clear upon a look at any of the plaintiff's RI.DOC tickets" that they would violate Mr. Petaway's due process rights. Pl. Br. In Support, ECF No. 49 at 2. He therefore argues that once the Defendants violated his Due Process rights when they received these "tickets" and then took "goodtime" away. *Id.* In support of his motion, Mr. Petaway submitted a declaration with several exhibits attached that appear to be the tickets at issue in this case. Pl. Decl., ECF No. 50.

Defendants maintain that "[d]iscovery remains in the infancy stages" and list several different depositions that are still outstanding. Defs. Mot for Enlargement of Time, ECF No. 58 at 2-4. Additionally, according to the Scheduling Order in this case, discovery is not scheduled to be completed in this case until March 23, 2018. Sched. Order, ECF No. 43.

As a result, discovery is still pending and therefore summary judgment is premature at this time. *See Crystalline H2O, Inc. v. Orminski*, 105 F. Supp. 2d 3, 8 (N.D.N.Y. 2000) ("The Second Circuit has denied motions for summary judgment as premature in cases where

---

[1] Defendants did not respond to the motion, but instead sought an extensions of time in order to complete discovery. *See infra* § VI.

nonmoving party did not have 'a fully adequate opportunity for discovery.'"); *Toussie v. Allstate Insurance Co.*, 213 F. Supp. 3d 444, 445 (E.D.N.Y. 2016) ("Rule 56(b) allows a summary judgment motion to be made 'at any time.' But courts routinely deny motions for summary judgment as premature when discovery over relevant matters is incomplete.")

Plaintiff's motion for summary judgment is denied without prejudice, as is Mr. Petaway's motion for leave to file a dispositive motion.

## II. Plaintiff's First Motion for Sanctions Regarding Defendants' "Failure to Admit"

Requests for admission are "not discovery tools, but rather serve to narrow or reduce the issues for trial." *Iron Workers Local No. 60 Annuity Pension Fund v. Solvay Iron Works, Inc.*, No. 515-cv-0054 (BKS)(DEP), 2017 WL 1458772, at *3 (N.D.N.Y. Apr. 24, 2017). Federal Rule of Civil Procedure 36 governs such requests, providing that a party "may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) . . . ." The opposing party must respond or "[i]f a party fails to admit what is requested under Rule 36 and if the requesting party later proves a document to be genuine or the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof." Fed. R. Civ. P. 37(c)(2).

Mr. Petaway moves for sanctions under Fed. R. Civ. P. 37(c), arguing opposing counsel "has the 'information' . . . to respond to Complaint 'Facts,' paragraph #6(a) and (b)." Rule 37 Mot. at 1.[2] He now argues that, because Defendants allegedly have the information necessary to

---

[2] In the passage at issue, Compl. at ¶ 6, Mr. Petaway alleged that:
"6.  ALL of my RI.DOC Bookings violate 'due process,' because:
  A. RI.DOC Officials did (not) give me a "copy" of any booking, as required in Wolff, they (read) it to me only . . .

3

respond to these allegations, failure to do so is a "failure to admit" within the meaning of Rule 37 and therefore "[Attorney] Varunes can respond . . . as 'admitted.' Rule 37 Mot. at 21.

In response, Defendants argue that "Plaintiff's reliance on Rule 37 is misplaced" because "defendants answer a complaint; they were never asked to respond to admissions." Defs. Objection, ECF No. 55 at 2. Additionally, they argue that, if the motion was grounded in Fed. R. Civ. P. 11, Mr. Petaway has failed to follow that Rule's procedural requirements. *Id.* at 2-3.

Mr. Petaway has not demonstrated that he served Defendants with a request for admission or complied with the requirements of Rule 37. Additionally, his argument is duplicative of an earlier motion, in which Mr. Petaway requested the Court order Defendants to respond to the same paragraph in the Complaint. Pl. Mot. to Order Def. to Answer, ECF No. 29.[3] The current motion therefore seems only to address Defendants' response to the Complaint — in which they left Plaintiff to his proof — and not a Request For Admission within the meaning of Rule 37. Accordingly, the motion for sanctions is inappropriate under Rule 37(c) and will therefore be denied.

### III. Defendants' Motion to Correct Defendants' Answer and Affirmative Defenses

Defendants move to correct their Answer and affirmative defenses. ECF No. 57. They seek to amend their Answer to fully deny the allegations in Paragraph 6 of the Complaint. *Id.* at 3. Additionally, they seek to "state that 'good time' was not taken from plaintiff based on disciplinary tickets that had been issued to him in Rhode Island but rather that risk reduction earned credits (RREC) had been forfeited due to plaintiff receiving disciplinary tickets while in

---

        B. RI.DOC officials did (not) give me a 'written statement by the factfinders as to evidence relied on and the <u>REASONS</u> for the disciplinary action.'"

[3] The Court denied this motion as premature while the case was in discovery. Order, ECF No. 41.

RI DOC." *Id.* Finally, Defendants move to amend the Fifth Affirmative Defense in order to argue Mr. Petaway has failed to exhaust his administrative remedies and to add a sixth defense, that of qualified immunity. *Id.* Defendants argue that Mr. Petaway will not be prejudiced and that good cause exists for the amendment.

Mr. Petaway opposes the amendment, arguing that "all defenses/answers are deemed (waived), if not filed 7/27/2017." Pl. Objection, ECF No. 62 at 1-2 Additionally, he argues that he did not have to exhaust this claim and that Defendants are not entitled to qualified immunity. *Id.* at 2-3. Furthermore, he argues that he will be prejudiced by the introduction of these affirmative defenses at this stage in the litigation.

Federal Rule of Civil Procedure 15 allows a party to amend "only with the opposing party's written consent or the court's leave." However, "the court should freely give leave when justice so requires." Fed. R. Civ. Pr. 15(a)(2). Reasons to deny leave include "undue delay, bad faith or dilatory motive . . . , repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *State Teachers Retirement Board v. Fluor Corp.,* 654 F.2d 843, 856 (2d Cir.1981).

First, Defendants seek to amend now because they state they have talked to the Rhode Island Department of Corrections and therefore have new factual information to support their answer to the complaint. The Court finds no evidence of bad faith or dilatory tactics.

Second, this is the Defendants first motion to amend, and therefore there is no concern regarding repeated failure to cure deficiencies. Nor does the Court see any futility in the amendment.

Third, Mr. Petaway will not be unduly prejudiced by the amendment. In *Bloch*, the Second Circuit required courts to consider several factors in deciding whether assertion of a new claim would prejudice an opposing party. *Block v. First Blood Associates,* 988 F.2d 344, 350 (2d Cir. 1993) ("We consider whether the assertion of the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction."); *see also Odyssey Reinsurance Company v. Cal-Regent Insurance Services Corporation*, 123 F.Supp. 3d 343 (D. Conn. 2015) (applying *Block* test and allowing defendant to amend answer).

The new claims are primarily legal in nature, modifying an existing exhaustion claim and adding a qualified immunity claim. Both claims, therefore, are unlikely to require significant additional resources for discovery or preparation for trial. Discovery is still ongoing in this matter, so any additional fact-finding necessary will be easily addressed as needed.

Given these considerations, Defendants' motion to amend will be granted.

**IV.    Plaintiff's Second Motion for Sanctions Regarding Defendants' Defenses**

Mr. Petaway also moves to sanction Defendants under Rule 11, arguing that defenses asserted in Defendants' amended answer are "frivolous" and amendment would delay proceedings. Rule 11 Mot. at 1. As discussed above, the Defendants' amended Answer is unlikely to lead to any significant delays given the nature of the claims and the current stage of litigation.

Rule 11 does allow for the sanction of attorneys for presenting frivolous legal arguments. Fed. R. Civ. P. 11(b)(2). The Second Circuit, however, has cautioned that "[s]anctions should only be imposed if 'it is patently clear that a claim has absolutely no chance of success,' and all doubts should be resolved in favor of the signing attorney." *K.M.B. Warehouse Distributors, Inc. v. Walker Mfg. Co.*, 61 F.3d 123, 131 (2d Cir. 1995) (*quoting Rodick v. City of Schenectady*, 1 F.3d 1341, 1350 (2d Cir.1993)).

The defenses at issue — an exhaustion argument and a qualified immunity argument — are typical defenses in these types of cases. Regardless of their eventual merit, at this stage of the case, the Court cannot state that there is no chance of success and, therefore, these defenses are not frivolous. Sanctions are therefore unwarranted.

## V. Defendants' Motion for Extension of Time

Defendants' move for " an enlargement of time, from October 4, 2017 to March 23, 2018, to complete discovery and file a response to plaintiff's motion for summary judgment." Def. Mot for Enlargement of Time, ECF No. 58 at 1. The motion is moot, as the Court has denied the original summary judgment motion.

The original scheduling order entered in this case, ECF No. 43, will continue as follows:

- Designation of Plaintiff's Experts due by 11/24/2017;
- Depositions of Plaintiff's Experts due by 1/12/2018;
- Damages Analysis due by 1/12/2018;
- Designation of Defendant's Experts due by 2/9/2018;
- Depositions of Defendant's Experts due by 3/9/2018.
- Completion of Discovery due by 3/23/2018.
- Dispositive Motions due by 5/25/2018.

7

- Joint Trial Memorandum due within 30 days after the Court rules on dispositive motions.
- Trial Ready Date 6/29/2018 or, if dispositive motions are filed, 30 days after the Joint Trial Memorandum.

## Conclusion

Plaintiff's motion for leave to file and motion for summary judgment are **DENIED without prejudice**. Both motions for sanctions are **DENIED**. Defendants' motion to amend is **GRANTED**. Defendants' motion for an extension of time is **DISMISSED** as moot.

SO ORDERED at Bridgeport, Connecticut this 17th day of October, 2017.

/s/ Victor A. Bolden

VICTOR A. BOLDEN
UNITED STATES DISTRICT
JUDGE