UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

WILLIAM PETAWAY,
    Plaintiff,

v.

COUNSELOR SUPERVISOR OSDEN,
ET AL,
    Defendants.

No. 3:17-cv-00004 (VAB)

**RULING ON PENDING MOTIONS**

William Petaway ("Plaintiff") filed this Complaint *pro se* on January 3, 2017, alleging that defendants violated his rights by failing to provide him with written notice of disciplinary action, failing to provide reasons or a written statement of evidence for those actions, and ultimately taking away good time credit as a result. Compl., ECF No. 1.

Currently before the Court are six motions. Mr. Petaway has moved for two orders: an "order, for 'telephone deposition,'" ECF No. 64, and an order for Defendants to provide copies of hearing tapes, ECF No. 65. He has also moved for the Court to take judicial notice, ECF No. 71, and for "Memorandum 'Review' By Judge," ECF No. 75. Defendants have moved to amend their answer and affirmative defenses, ECF No. 68, and Mr. Petaway moved for the Court to deny Defendants' motion, ECF No. 69.

For the reasons stated below, the Court will **GRANT** Defendants' motion to amend and **DENY** as moot Mr. Petaway's motion in response. The Court will **DENY** the motion for a telephonic deposition. The motions for judicial notice, copies and memorandum review are **DENIED**.

1

## I. DEFENDANTS' MOTION TO AMEND AND PLAINTIFF'S OBJECTION

Defendants move to amend their answers and affirmative defenses for the second time. *See* Defs. Mot. to Amend, ECF No. 68. They argue that "the defendants conducted further discussion and investigations" into the allegations raised by Mr. Petaway and seek to update their responses in accordance with that investigation. *Id.* at 2. Specifically, they seek to amend their answers to the allegations in two paragraphs of the Complaint, and to remove several affirmative defenses "in response to plaintiff's motion for sanctions." *Id.* at 3.[1] Finally, they seek to add several affirmative defenses: a mootness argument, a contributory negligence defense, a statute of limitations defense, and a harmless error defense. *Id.* at 3-4.

Mr. Petaway filed two documents in response: an objection, ECF No. 70, and what he styled as "Plaintiff's Request to Court to Deny the Defendants 'Motion to Correct-Amend, Dated 10/17/17" ("Pl. Opp. Mot."), ECF No. 69. Mr. Petaway argues that the motion to amend should be denied under Federal Rule of Civil Procedure 12(g)(2) because "the Defendants has failed to 'cure defects' in answer to complaint" and in "other motions filed, not raised" those defenses. Pl. Opp. Mot. at 2. Additionally, he notes that Defendants "then (withdrew) all the affirmative defenses in 'Answer'" and that it is "unfair to this Court to repeatedly allow the Defendant" to 'amend the answer' to the Complaint." *Id.*

The Court previously granted Defendants' first motion to correct their answers and affirmative defenses. *See* October Ruling at 4-6. Defendants then filed a second motion the same day as the Court issued its ruling.

---

[1] The Court previously denied Plaintiff's motion for sanctions. *See generally* Ruling Denying Plaintiff's Motion for Sanctions ("October Ruling"), ECF No. 66.

As the Court previously noted in this case, Federal Rule of Civil Procedure 15 allows a party to amend "only with the opposing party's written consent or the court's leave." Rule 15 requires, however, the "the court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend may be denied if the Court finds "undue delay, bad faith or dilatory motive . . . , repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *State Teachers Retirement Board v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir.1981).

In considering prejudice, the Second Circuit requires that district courts consider several factors in deciding whether assertion of a new claim would prejudice an opposing party. *Block v. First Blood Associates*, 988 F.2d 344, 350 (2d Cir. 1993) ("We consider whether the assertion of the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction."); *see also Odyssey Reinsurance Company v. Cal-Regent Insurance Services Corporation*, 123 F.Supp. 3d 343 (D. Conn. 2015) (applying *Block* test and allowing defendant to amend answer)

Like the previous motion to amend, the new defenses are either primarily legal in nature or would be based on similar factual grounds as previous defenses. As a result, none of the claims appear to require significant additional resources. Additionally, discovery is still ongoing and any delay in the resolution of this matter would be minimal. And, as addressed below,

should the parties need additional time to complete discovery they might move for an extension of time. In short, Mr. Petaway will not be prejudiced by amendment.

The question of whether the motion should be denied for "repeated failure to cure deficiencies" is a closer one. Certainly, Defendants seem to have taking something of a moving-target approach to the litigation, adding and subtracting affirmative defenses. Defendants justify this approach by noting that "[s]ince filing their answer in July, the defendants conducted further discussions and investigation into the allegations and now seek to amend their answer and affirmative defenses." Defendants, however, moved to amend their answers in September, and the Court subsequently granted that request. The latest motion does not address why the defenses asserted here were not raised in the September motion.

There is no evidence, however, that bad faith motivated Defendants' failure to raise these affirmative defenses earlier, and Rule 15 requires that this Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Defendants' conduct does not appear to rise to the level that the Court would decline to exercise its discretion, and therefore Defendants' motion to correct, ECF No. 68, is granted.

Plaintiff's motion objection to the motion, ECF No. 69, is denied as moot.

## II. PLAINTIFF'S MOTION FOR TELEPHONIC DEPOSITION

Mr. Petaway also moves for the Court to allow his deposition to be taken over the telephone, rather than in person. *See* Pl. Mot. for Order for "Telephone" Dep., ECF No. 64. He argues that "plaintiff has no way to (get to) the Atty. Varunes office in Hartford," and that under Federal Rule of Civil Procedure 30(b)(4) he should be allowed to appear via telephone. *Id.* at 1.

Defendants object, stating that they would reschedule the deposition in order to facilitate a time when Mr. Petaway was better able to attend. Defs. Obj., ECF No. 72.

Federal Rule of Civil Procedure 30(a)(1) states that "[a] party may, by oral questions, depose any person, including a party, without leave of court" except in limited circumstances not implicated here. The rule states, however, that "[t]he parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means." Fed. R. Civ. P. 30(b)(4).

Courts within the Second Circuit have applied different standards when deciding to allow for telephone depositions: some require a showing of physical or financial hardship, while others have found such a showing unnecessary. *See Davis v. Farrell*, No. CV 16-4874 (ADS)(AYS), 2017 WL 2817051, at *2 (E.D.N.Y. June 29, 2017) (collecting cases). Ultimately, however, the decision of where or how to conduct the deposition is within the Court's discretion, while seeking to "achieve a balance between claims of prejudice and those of hardship." *Id*. (quoting *Estate of Gerasimenko v. Cape Wind Trading Co.*, 272 F.R.D. 385, 387 (S.D.N.Y. 2011).

However, the bulk of these rulings address whether an out-of-district deponent may be forced to travel to that district for the purposes of a deposition. *See, e.g.*, *Sec. & Exch. Comm'n v. Aly*, 320 F.R.D. 116 (S.D.N.Y. 2017) (allowing deposition by videoconference of defendant who lives in Pakistan). The Court is not aware of any case in the Second Circuit such as this one: where a deposition is noticed within the district where the deponent resides, but the deponent argues he or she lacks transportation or means to attend the deposition. The Court will adopt a similar methodology as in other cases, and weigh the arguments on both sides.

Mr. Petaway is proceeding in this matter *in forma pauperis*. *See* ECF No. 7. He does not submit independent support for why a telephone deposition is necessary, given the fact that he lives in Connecticut and there is public transportation available between his city of residence and

Hartford, where the deposition is noticed to take place. The Court nonetheless credits that Mr. Petaway would face some burden — both financially and in terms of effort, given his financial circumstances.

On the other hand, Defendants provide no support for their position. Instead of grounding their objection in legal argument, Defendants chose to impugn Mr. Petaway's character. *See* Defs. Obj. at 2 (arguing Plaintiff should be "[v]iewed as being obstinate versus indigent . . . ."). The Court does not credit this response with any weight.

There is, however, a general rule that "the party noticing [a] deposition usually has the right to choose the location . . . ." *Aly*, 320 F.R.D. at 118 (quoting *Buzzeo v. Bd. of Educ.*, 178 F.R.D. 390, 392 (E.D.N.Y. 1998)). And courts in the Second Circuit have noted that "concern about not being able to see Plaintiff's demeanor or observe what documents are present and being reviewed are valid factors considered" by courts. *Stephens v. 1199 SEIU*, No. CV 07-0596 JFB AKT, 2011 WL 2940490, at *2 (E.D.N.Y. July 19, 2011) (allowing telephone deposition where deponent had been deported to Jamaica); *see also Gagasoules v. MBF Leasing LLC,* No. 08-cv-2409 (ADS)(ARL), 2009 WL 5176576, at *3 (E.D.N.Y. Dec. 22, 2009) ("The Court agrees with [the magistrate judge's] finding that telephone depositions would not be feasible in this case given that MBF has a legitimate concern about viewing the Plaintiffs' demeanor.").[2]

Mr. Petaway's testimony will be important in this matter, given the central role of his testimony to his allegations, and his credibility as a witness will be crucial as well. He is being

---

[2] Courts have been reticent, however, to reject telephone depositions for only this reason. *See, e.g.*, Robert Smalls Inc. v. Hamilton, No. 09-civ-7171(DAB)(JLC), 2010 WL 2541177, at *4 (S.D.N.Y. June 10, 2010) (noting concerns over demeanor and feasibility are "problems with any telephone deposition, and telephone depositions are a presumptively valid means of discovery. . . . Moreover, accepting Plaintiffs' arguments absent a particularized showing of prejudice would be tantamount to repealing [Fed.R.Civ.P. 30(b)(4)].") (internal quotations and citations omitted).

deposed within the district where he lives and where he filed suit, and unlikely to face hardship in traveling to the deposition location. In short: the Court sees no reason to deviate from the general rule here and prevent Defendants from taking Mr. Petaway's deposition at the office of the Attorney General. Mr. Petaway's motion, ECF No. 64, is denied.

### III. PLAINTIFF'S MOTION FOR JUDICIAL NOTICE AND MEMORANDUM REVIEW

Mr. Petaway also moves for the Court to take judicial notice of several facts that he argues are not subject to reasonable dispute. ECF No. 71. In a declaration supporting the motion, he states that he received documents from the Defendants, and that these "tickets" failed to give written reasons for the disciplinary actions at the heart of this case. William Petaway Decl., ECF No. 71-1. Mr. Petaway has also filed a motion for "memorandum review," again seeking judicial notice. ECF No. 75.

Defendants filed what they captioned as an objection to Mr. Petaway's motion. ECF No. 74. The document, however, appears to be a filing in a completely separate matter not pending before this Court.

Under the Federal Rules of Evidence, the Court may take judicial notice of facts that are "not subject to reasonable dispute," either because those facts are "generally known within the trial court's territorial jurisdiction" or provided from sources that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Mr. Petaway seeks judicial notice of adjudicative facts that are not in the public record, and have not been authenticated. *Cf. Pelletier v. Purdue Pharma L.P.*, No. 3:15-cv-233 (JAM), 2016 WL 3620710, at *3 (D. Conn. June 29, 2016) (declining to take judicial notice of a release where it had "not been filed with any court nor been authenticated in any way."); *Olds v. Baird*,

No. 3:11-cv-1375 (JCH), 2012 WL 606770, at *3 (D. Conn. Feb. 21, 2012) (taking judicial notice of state court proceedings because "[t]he court can verify the accuracy of these documents, including documents filed in state court proceedings"). The accuracy of his proposed evidence, a document attached to his motion, cannot be readily determined, and it therefore would be inappropriate to take judicial notice of it at this stage of the litigation.[3]

Mr. Petaway's motions for judicial notice, ECF No. 71, and for memorandum review, ECF No. 75, are therefore denied.

## IV. PLAINTIFF'S MOTION FOR ORDER TO PROVIDE COPIES

Mr. Petaway also moves for an order to "provide him copies of the 'hearing tapes' of all bookings of Mr. Petaway." ECF No. 65. The Court construes this as a discovery dispute.

According to this Court's Chambers practices,

> Motions to resolve discovery disputes cannot be filed unless first discussed with Judge Bolden. Judge Bolden will attempt to resolve discovery disputes by conference call whenever possible. To initiate the Court's involvement, parties should file a joint motion for a discovery conference, describing the nature of the dispute and stating that the parties have conferred, attempted to resolve the dispute in good faith, but remain unable to resolve it. This joint motion also should enumerate the issues for resolution and provide dates and times counsel are available for a telephonic status conference. At least one week before the date of the telephonic status conference set by the Court, the parties shall file brief submissions -- no more than 5 pages each -- detailing their positions.

Judge Bolden's Pretrial Preferences, http:// www.ctd.uscourts.gov/content/victor-bolden. Plaintiff has not followed this procedure, and the Court will therefore deny the motion without prejudice.

---

[3] The Court expresses no view on the ultimately admissibility of this evidence or what role, if any, it might have in establishing liability.

## CONCLUSION

Defendants' motion to amend, ECF No. 68 is **GRANTED**; Mr. Petaway's objection, RCF No. 69, is **DENIED** as moot. The other pending motions, ECF Nos. 64, 65, 71, and 75, are **DENIED**.

The Court will extend deadlines in this matter *sua sponte* to address any potential hardship caused by this ruling. The Court adopts the following schedule:

- Completion of discovery due by 4/27/2018;
- Dispositive motions due by 6/1/2018;
- Joint Trial Memorandum due within 30 days after the Court rules on dispositive motions.
- Trial Ready Date 6/29/2018 or, if dispositive motions are filed, 30 days after the Joint Trial Memorandum.

Additionally, the Court will reschedule the post-discovery telephonic status conference. It will now be held on May 3, 2018 at 11:00 a.m.

SO ORDERED at Bridgeport, Connecticut this 5th day of March, 2018.

/s/ Victor A. Bolden

VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE