UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

WILLIAM PETAWAY,
    *Plaintiff*,

v.

JACLYN OSDEN, et al.
    *Defendants*.

No. 3:17-cv-00004 (VAB)

**RULING ON MOTIONS FOR RECONSIDERATION AND TRANSCRIPT**

On January 3, 2017, William Petaway ("Plaintiff"), *pro se*, filed this lawsuit under 42 U.S.C. § 1983, alleging that the State of Connecticut and its prison officials ("Defendants") wrongfully deprived him of sentence-reducing credits and confined him for sixty days in violation of his constitutional rights. Compl., ECF No. 1, at 9–10.

On April 18, 2019, the Court convened a hearing on all pending motions, including Defendants' motion for summary judgment. Minute Entry, ECF No. 126.

On April 26, 2019, the Court granted Defendants' motion for summary judgment. Ruling and Order on Mot. for Summ. J. ("Ruling and Order"), ECF No. 127

On May 1, 2019, Mr. Petaway moved for reconsideration. Mot. to Reconsider, ECF No. 130.[1] Mr. Petaway filed three additional motions for or in support of reconsideration, ECF No. 129, 131, and 133. Mr. Petaway also moved for free copies of the relevant hearing transcript. Mot. for Copy of the 4/18/19 Hearing Minutes−Tr., ECF No. 132.

For the reasons below, the Court **DENIES** the motions to reconsider, ECF No. 129–131

---

[1] Mr. Petaway's motion is dated May 1, 2019. It was mailed to the Court, and docketed by the Clerk of Court on May 6, 2019. For the purposes of this Ruling, the Court construes the motion as timely filed by May 1, 2019. See D. CONN. L. CIV. R. 7(c)(1) (motions for reconsideration must be filed within seven days of the Court's Order).

and 133, and **DENIES** Mr. Petaway's motion for a free transcript of the April 18, 2019 hearing, ECF No. 132.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

   A.  **Factual Background**[2]

On August 19, 2005, Mr. Petaway received a prison term of 150 months. *State v. Petaway*, NNH -CR04-0028093-T (J. Gold) (Aug. 19, 2005). He received credit for jail time served, resulting in a sentence scheduled to run until August of 2017. *Id.*

Three years into his sentence, Mr. Petaway was allegedly transferred to the Rhode Island Department of Corrections. Compl. at 6. While incarcerated in Rhode Island, Mr. Petaway allegedly received several disciplinary infractions, known as "bookings." Compl. at 6–7. Allegedly, Rhode Island correctional officials did not give Mr. Petaway written copies of his bookings or the evidence relied upon by prison officials, or officials' reasons for finding Mr. Petaway in violation of their rules. Compl. at 7.

Rhode Island correctional officials allegedly transmitted information about Mr. Petaway's bookings to correctional officials in Connecticut. Compl. at 8. Based upon those reports, Connecticut officials allegedly reduced Mr. Petaway's "good time" credits. Compl. 8–9. Mr. Petaway alleges that had his "'good time' not been taken, or had it been returned, [he] would [have] been released in May 2016[.]" Compl. at 9.

Mr. Petaway obtained his release from prison in July 2016. Compl., at 9.

   B.  **Procedural Background**

On January 3, 2017, Mr. Petaway sued prison officials under 42 U.S.C. § 1983. Compl. at

---

[2] The Court presumes the parties' familiarity with the facts as set forth in its prior rulings, and incorporates those facts by reference herein. The Court sets forth only those facts deemed necessary to an understanding of the issues raised in, and decision rendered on, this motion.

9–10. On February 3, 2017, the Court granted Mr. Petaway leave to proceed *in forma pauperis*. Order Granting Mot. for Leave to Proceed *in forma pauperis*. ECF No. 7.

On December 14, 2018, Defendants moved for summary judgment. Mot. for Summ. J., ECF No. 111.

On April 26, 2019, the Court granted Defendants' motion for summary judgment. Ruling and Order. The Court found that Mr. Petaway's "good time" or "good conduct credits" were not at issue. *Id*. at 8. Rather, Defendants rescinded his earned risk reduction credit and prevented him from earning risk reduction credit in certain months, as Connecticut law permitted them to do. *Id*. at 8–12. The Court also found that Mr. Petaway failed to exhaust his administrative remedies in Rhode Island, and that that failure deprived Defendants of timely notice of his challenge to Rhode Island's disciplinary procedures. *Id*. at 11. The Court found no genuine issues of material fact with respect to Mr. Petaway's remaining claims, including his deliberate indifference claim. *Id*. at 12. The Court found that it lacked the authority to require Rhode Island to destroy Mr. Petaway's bookings, *id*. at 13, or subject matter jurisdiction over any broader claims about Rhode Island or Connecticut's disciplinary procedures. *Id*.

On May 1, 2019, Mr. Petaway's motion for consideration of a Connecticut state directive and Connecticut Supreme Court case were docketed. Mot. for Consider., ECF No. 129. Mr. Petaway's motion for reconsideration was dated the same day; it was docketed May 6, 2019. Mot. to Reconsider.

On May 10, 2019, Mr. Petaway filed another motion for reconsideration, Mot. to Reconsider as Liberty Interest Created by Directive Made by Conn. DOC Official, ECF No. 131, and a motion for a free transcript of the April 18, 2019 hearing, Mot. for Copy of the 4/18/19 Hearing Minutes–Tr.

On May 15, 2019, Mr. Petaway filed a motion for judicial notice and reconsideration, Mot. for Court to Take Judicial Notice, ECF No. 133; and a memorandum of law in support of his motions, Mem. of Law in Supp. of Reconsider. Mot., ECF No. 134.

## III. STANDARD OF REVIEW

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd*., 956 F.2d 1245, 1255 (2d Cir. 1992) (internal citations omitted). A motion for reconsideration generally does not allow the moving party to revisit arguments that have already been presented before the court. *See Shrader*, 70 F.3d at 257 ("[A] motion for reconsideration should not be granted where the moving party seeks solely to relitigate an issue already decided.").

## III. DISCUSSION

### A. The Merits of the Motions

Mr. Petaway has failed to identify any controlling decisions or vital evidence overlooked by the Court. *Virgin Atlantic Airways, Ltd.*, 956 F.2d at 1255 ("The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.").

Mr. Petaway cites the Supreme Court's ruling in *Sandin* as controlling law that would alter the Court's Ruling and Order. Mot. to Reconsider at 5; *see Sandin v. Conner*, 515 U.S. 472

(1995). *Sandin* in no way benefits Mr. Petaway. *Sandin* concerned the administrative segregation of an inmate, not the rescission of sentence-reducing credits. *Sandin*, 515 U.S. at 475–76. ("At the conclusion of proceedings, the committee determined that Conner was guilty of the alleged misconduct. It sentenced him to 30 days' disciplinary segregation in the Special Holding Unit for the physical obstruction charge, and four hours segregation for each of the other two charges to be served concurrent with the 30 days."). The *Sandin* court explicitly refused to extend the due process protections described in *Wolff*. *Id.* at 487 ("We hold, therefore, that neither the Hawaii prison regulation in question, nor the Due Process Clause itself, afforded Conner a protected liberty interest that would entitle him to the procedural protections set forth in *Wolff*. The regime to which he was subjected as a result of the misconduct hearing was within the range of confinement to be normally expected for one serving an indeterminate term of 30 years to life."). *Sandin* affords Mr. Petaway no protections beyond those articulated in *Wolff*, a case discussed at length in the Court's Ruling and Order. Ruling and Order at 5–6, 8, 10–12.[3]

Mr. Petaway also cites the Connecticut Supreme Court's rulings in *Vandever* and *Perez* as controlling law that would alter the Court's Ruling and Order. Mot. to Reconsider as Liberty Interest Created by Directive Made by Conn. Doc Official at 2; Mot. for Consider at 9–10;[4]

---

[3] Mr. Petaway also cites to two inmate segregation cases presently before the Court. Mot. to Reconsider at 5; Mot. for Court to Take Judicial Notice at 2; Mem. of Law in Supp. of Reconsider Mot.; *Dorlette v. Tyburski* [*Melendez*], No. 3:15-cv-1856 (VAB); *Williams v. Ford*, 14-cv-1181 (VAB). Similar to *Sandin*, *Dorlette* and *Williams* are factually and legally inapposite to Mr. Petaway's claims. Further, neither case has reached its conclusion, and neither will constitute binding precedent when concluded. *United States v. Raymonda*, 780 F.3d 105, 119 (2d Cir. 2015) ("Because district court decisions create no rule of law binding on other courts, Agent Ouzer's knowledge that Coon found nearly year-old evidence of possession too stale to create probable cause cannot have given him notice that his affidavit in this case would be found equally deficient") (internal quotations and citations omitted)); *Sharp v. Ally Fin., Inc.*, 328 F. Supp. 3d 81, 97 (W.D.N.Y. 2018) ("[T]he decisions of district courts, even those located within the same district, are not binding on other district courts. Accordingly, the Court declines to follow the rationale and the conclusion set forth in *Hannabury* [.]") (internal quotations and citations omitted)).

[4] Relatedly, Mr. Petaway draws the Court's attention to the *Perez* court's discussion of *Abed*. Mot. to Reconsider at 2; *Perez*, 326 Conn. at 370, n5; *see Abed v. Armstrong*, 209 F.3d 63, 66–67 (2d Cir. 2000). The Connecticut Supreme Court's discussion does not constitute binding precedent that would alter the Court's legal analysis.

*Vandever v. Comm'r of Correction*, 315 Conn. 231 (2014); *Perez v. Comm'r of Correction*, 326 Conn. 357 (2017). Neither case benefits Mr. Petaway. *Vandever* is yet another administrative segregation case, which only tangentially dealt with sentence-reducing credit. *Vandever*, 315 Conn. at 238 ("The petitioner further explained that, contrary to the determination of the habeas court, he had not claimed a constitutional or statutory right to the good time and work credits that he was ineligible to earn while in administrative segregation; rather, he had claimed only that he should be awarded those credits to remedy the due process violation stemming from his unjustifiable placement in administrative segregation."). The *Vandever* court did not address the question of whether the plaintiff had a liberty interest in sentence-reducing credit, so the case has no bearing on Mr. Petaway's claims. *Id.* at 249 ("Because, however, the petitioner cannot prevail on his claim that he was denied due process prior to being placed in administrative segregation, we conclude that the habeas court properly had determined that the petitioner's habeas petition must be denied.").

Though factually closer to Mr. Petaway's claims, *Perez* does not afford Mr. Petaway a liberty interest in risk reduction credit, as the Court discussed at length in its Ruling and Order. Ruling and Order, 7–8, 11–12; *Perez*, 326 Conn. at 386 ("As previously noted, an inmate has no fundamental right in the opportunity to earn risk reduction credit because such credit is a creature of statute and not constitutionally required.").

In summary, none of these cases alter the outcome of the Court's Ruling and Order. As a result, the Court cannot grant reconsideration based upon an "intervening change of controlling law[.]" *Virgin Atlantic Airways, Ltd.*, 956 F.2d at 1255; *Shrader*, 70 F.3d at 257 ("[A] motion for

---

Further, the Connecticut Supreme Court cites *Abed* for the proposition that inmates have "no liberty interest in opportunity to earn credit under [a] discretionary scheme." *Perez*, 326 Conn. at 370, n5.

6

reconsideration should not be granted where the moving party seeks solely to relitigate an issue already decided.").

Mr. Petaway cites no new evidence to support his motion for reconsideration. *Virgin Atlantic Airways*, 956 F.2d at 1255 ("The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."). Rather, Mr. Petaway again provides the Court with Connecticut Department of Correction Administrative Directives on risk reduction credit (e.g., Directives 4.2A, 8(B) and (C), and 9.5). Mot. for Consider at 4–8; Mot. to Reconsider at 3; Mot. to Reconsider as Liberty Interest Created by Directive Made by Conn. Doc Official at 3; Mem. of Law in Supp. of Reconsider. Mot. at 2. Mr. Petaway argues that the Directives limit the discretion conferred on the Commissioner by the legislature and the courts. Mot. to Reconsider at 3–4.

The Court previously considered these and other Connecticut Department of Correction policies, Ruling and Order at 3. The Court found that these policies permit risk reduction credit to be rescinded or halted as sanction for a disciplinary infraction, and that Mr. Petaway lost his risk reduction credit as a sanction for his disciplinary infractions in Rhode Island. Ruling and Order at 9 ("[A]s sanction for the Rhode Island infractions now challenged by Mr. Petaway . . . Connecticut officials forfeited a portion of Mr. Petaway's earned risk reduction credits and prevented him from accruing risk reduction credits in four months.").[5]

---

[5] Mr. Petaway cites the Supreme Court's decision in *Allen* for the proposition that a Commissioner's discretion can be limited by directives such as Connecticut's directives. *Bd. of Pardons v. Allen*, 482 U.S. 369, 378 (1987). Mot. to Reconsider at 4. *Allen* does not alter the Court's analysis because the Court found that Mr. Petaway's risk reduction credits were rescinded and halted as a sanction for his disciplinary infractions in Rhode Island, as permitted under Connecticut's directives.

The Court also found that Mr. Petaway failed to grieve his disciplinary infractions while in Rhode Island. *Id*. at 11. Mr. Petaway's failure to exhaust his administrative remedies deprived Defendants of notice of any due process violations. *Id*. As a result, Defendants were entitled to rely on the Rhode Island disciplinary reports. *Id*. Even if that reliance was ultimately in error, Defendants are likely entitled to qualified immunity and cannot now be sued for that error. *Id*.[6]

Mr. Petaway thus has identified no facts "that might reasonably be expected to alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257 (explaining that a motion for reconsideration generally does not allow the moving party to revisit arguments that have already been presented before the court.). Mr. Petaway therefore fails to satisfy the strict standard for these motions and they should be denied.

B.     **The Request for Free Hearing Transcripts**

"Fees for transcripts furnished in proceedings . . . to persons permitted to sue or appeal *in forma pauperis* shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." 28 U.S.C. § 753(f). "The standard for determining if an appeal presents a substantial question is whether, when judged on an objective basis, the appeal (1) raises a question that is reasonably debatable and (2) whether the transcript is necessary to the presentation of the appeal." *Barnes v. Alves*, 107 F. Supp. 3d 252, 256 (W.D.N.Y. 2015) (*quoting Abbas v. Senkowski*, No. 9:03–cv–476 (GLS), 2008 WL

---

[6] The Court also found no genuine issues of material fact with respect to Mr. Petaway's remaining claims, including his deliberate indifference claim. *Id*. at 12. The Court found that it lacked the authority to require Rhode Island to destroy Mr. Petaway's bookings, *id*. at 13, or subject matter jurisdiction over any broader claims about Rhode Island or Connecticut's disciplinary procedures since Mr. Petaway was no longer incarcerated. *Id*. Mr. Petaway has provided no new controlling law or material evidence related to those issues.

5129851, at *1 (N.D.N.Y. Dec. 5, 2008)); *Adams v. Simone*, 759 F. App'x 82, 85 (2d Cir. 2019); *Harper v. United States*, 217 F.3d 889, 889 (2d Cir. 2000).

Mr. Petaway's request for a hearing transcript, Mot. for Copy of the 4/18/19 Hearing Minutes–Tr., neither states the question for appeal nor explains why the hearing transcript is necessary. As a result, the Court cannot certify that Mr. Petaway's "appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." 28 U.S.C. § 753. The Court, therefore, must deny Mr. Petaway's motion.

**IV.     CONCLUSION**

For the reasons above, the Court **DENIES** the motions to reconsider, ECF No. 129–131 and 133, and **DENIES** Mr. Petaway's motion for a free hearing transcript, ECF No. 132.

**SO ORDERED** at Bridgeport, Connecticut, this 10th day of June, 2019.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE